**William S. JUDY, Appellant,**

v.

**U.S. DEPARTMENT OF LABOR, Appellee.**

No. 88–1668.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1988.

Decided Dec. 27, 1988.

Michael W. Manners, Kansas City, Mo., for appellant.

Sally M. Rider, Washington, D.C., for appellee.

Before HEANEY and BOWMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

BOWMAN, Circuit Judge.

The question presented is whether the District Court [1] erred in dismissing the complaint as barred by the discretionary function exception, 28 U.S.C. § 2680(a), of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680 (1982). We affirm.

The complaint is pled in one count and contains the following relevant allegations, each of which is assumed true. In 1984 William S. Judy was employed by Bass Tracker Corporation (Bass Tracker) at its Lebanon, Missouri production facility. His duties included operating a hydraulic shaping press which had been fabricated by Bass Tracker. On February 10, 1984 the Occupational Safety and Health Administration (OSHA) inspected the production fa-

---

1. The Honorable William R. Collinson, Senior United States District Judge for the Western District of Missouri.

cility and advised Bass Tracker that this particular press was not in violation of OSHA safety standards. The OSHA inspectors, however, failed to discern that this particular press did not feature a properly guarded actuating mechanism. On June 29, 1984 plaintiff was severely injured when his left hand and forearm became entangled in this press.

Plaintiff claims that the OSHA inspectors were negligent in failing to advise Bass Tracker that the press which ultimately injured him was not in compliance with OSHA safety standards. Plaintiff identifies the inspectors' negligence as the proximate cause of his injury. The District Court correctly ruled that § 2680(a) divests it of jurisdiction over plaintiff's complaint.

Section 2680(a) excepts from jurisdiction conferred by the FTCA "[a]ny claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." An agency exercises discretionary regulatory authority of the most basic kind when it determines the extent to which it will supervise the safety procedures of private individuals. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 819–20, 104 S.Ct. 2755, 2767–68, 81 L.Ed.2d 660 (1984). *Varig Airlines* governs the resolution of the present case. Plaintiff's claim is not legally distinguishable from those asserted there. *See Varig Airlines*, 467 U.S. at 801, 104 S.Ct. at 2758 ("Respondents claimed [in federal district court] that the CAA [Civil Aeronautics Agency] had been negligent when it inspected the Boeing 707 and issued a type certificate to an aircraft that did not comply with CAA fire protection standards."); *id.* at 815, 104 S.Ct. at 2765 ("Respondents ... argue ... that the negligent failure of the FAA [Federal Aviation Administration] to inspect certain aspects of aircraft type design in the process of certification gives rise to a cause of action ... under the [FTCA]."). The discretionary function exception of § 2680(a) removes from the reach of the FTCA plaintiff's claim that the OSHA inspectors were negligent in advising Bass Tracker that the press which ultimately injured him met OSHA safety standards, as it did the claims in *Varig Airlines* that the FAA had been negligent in certifying that aircraft which ultimately became involved in accidents met FAA safety standards.

Plaintiff argues here that the application of § 2680(a) to his claim against OSHA is controlled by *Berkovitz ex rel. Berkovitz v. United States*, ── U.S. ──, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Under *Berkovitz*, the discretionary function exception does not bar a claim that an agency failed to act in accordance with specific mandatory directives. *Id.* 108 S.Ct. at 1963. Plaintiff urges that his is such a claim, and refers us to several statutory and regulatory provisions which he argues required OSHA to issue Bass Tracker a citation regarding the press which ultimately injured him pursuant to its inspection of the production facility.

These provisions, however, require action on the part of an OSHA official only when he has reached the conclusion that an inspection has uncovered a violation. *See* 29 U.S.C. § 658(a) (1982) (Secretary of Labor or his authorized representative shall issue a citation to employer if upon inspection he believes that employer has violated OSHA rules); 29 C.F.R. § 1903.7(e) (1987) (inspector shall advise employer of any apparent safety violations disclosed by inspection); 29 C.F.R. § 1903.13 (1987) (inspector shall inform affected employees and employer of imminent danger whenever he concludes on the basis of his inspection that such danger exists); 29 C.F.R. § 1903.14(a) (1987) (area director shall review inspection report and shall issue employer citation if he believes employer has violated OSHA rules). Because plaintiff does not allege in his complaint that the inspectors who conducted the February 10, 1984 inspection of the Bass Tracker production facility in fact knew the press which ultimately injured him was in violation of OSHA safety regulations and nevertheless decided in the face of this knowledge not to take action as

described by the just-canvassed provisions, his argument fails.

The District Court correctly held that the discretionary function exception of § 2680(a) bars plaintiff's claim, and properly dismissed the complaint for want of jurisdiction. Accordingly, the judgment of the District Court is affirmed.