**TRACOR/MBA, INC., (Intervenor Below), Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 90-2108.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1991.

Decided May 17, 1991.

Robert S. Tschiemer, Little Rock, Ark., for appellant.

James G. Touhey, Jr., Washington, D.C., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Tracor/MBA, Inc., appeals from the district court's [1] entry of summary judgment against it on its claim against the United States. The district court held that it lacked subject matter jurisdiction because Tracor's claim was barred by the discretionary function exception to the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(a) (1988). Tracor argues that the government was not entitled to summary judgment because the discretionary function exception does not apply, and because disputed issues of material fact exist for trial. We affirm.

On December 19, 1983, Sandra Bearden, an employee of Tracor/MBA, Inc., was injured in a fire at the Tracor plant in East Camden, Arkansas. The fire occurred after an explosion on a production line for the M–206 Infrared Flare, a countermeasures aircraft decoy flare, which Tracor manufactured under a contract with the United States Department of Defense.

Tracor's contract for the production of the flares with the Department of Defense incorporated by reference a standard safety clause for the manufacture of ammunition and explosives. *See* 48 C.F.R. § 252.223–7001 (1990). This safety clause required Tracor to comply with safety standards established by the Department of Defense Contractors' Safety Manual for Ammunition and Explosives (DOD Manual). *See* 48 C.F.R. § 252.223–7001(b). The contract delegated primary responsibility for complying with the safety requirements and supervising plant safety to Tracor, but the government was also required to make sure that the contractor fulfilled its obligations pertaining to quality and quantity, and complied with the contract's safety requirements.

Initially, the government assigned two quality assurance representatives (or inspectors) to Tracor's plant. Later, the government assigned a quality assurance specialist trainee to the Tracor plant. Although the inspectors' primary responsibility was to oversee Tracor's compliance with the contract's quality requirements, the inspectors were also responsible for reviewing Tracor's compliance with the contract's safety requirements. The inspectors' regular procedures included a forty-seven step

1. The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

procedures review checklist for safety compliance. If Tracor failed to comply with applicable safety rules, the inspectors could take immediate corrective action and even cause Tracor to cease production by withdrawing government personnel until it remedied the safety violations. *See* 32 C.F.R. § 252.223-7001(d).

Sandra Bearden and her husband filed administrative claims under the Federal Tort Claims Act against the Department of Defense. 28 U.S.C. §§ 1346(b), 2671-2680 (1988). The Beardens alleged that the government's failure to enforce Tracor's compliance with the applicable safety standards for the manufacture of munitions caused the fire. After the administrative agency failed to dispose of the Beardens' claim within six months, the Beardens filed suit. *See* 28 U.S.C. § 2675(a). The district court allowed Tracor to intervene in the action because it paid workers' compensation benefits to Sandra Bearden, and Arkansas law entitles Tracor to a lien against the proceeds of any recovery she received from the United States. *Bearden v. United States,* No. 87-1114, slip op. at 1 (W.D. Ark. Aug. 31, 1989).

The government filed a motion to dismiss and an alternative motion for summary judgment, and while the motions were pending, the Beardens and the United States settled. The district court allowed the Beardens to settle around Tracor's lien and also held that Tracor was entitled to proceed directly against the United States. *Bearden v. United States,* No. 87-1114, slip op. at 5 (W.D.Ark. Mar. 9, 1990).

The government filed a new motion to dismiss or, alternatively, for summary judgment against Tracor. The district court entered summary judgment for the government, ruling that it lacked subject matter jurisdiction because Tracor's claim was barred by the discretionary function exception. *Tracor/MBA, Inc. v. United States,* No. 87-1114, slip op. at 10-11 (W.D. Ark. June 6, 1990). Tracor appeals, arguing that the discretionary function exception does not apply and the government is not therefore entitled to summary judgment.

The Federal Tort Claims Act authorizes suits for damages against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The government is not liable, however, for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform *a discretionary function or duty* on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (emphasis added).

An appellate court reviews de novo the dismissal of a case under the discretionary function exception. *Hurst v. United States,* 882 F.2d 306, 308 (8th Cir.1989).

Tracor argues that the government inspectors acted negligently in performing inspections at the Tracor plant. Tracor argues that the inspectors' negligent conduct did not involve the exercise of discretion protected by the discretionary function exception, but instead involved the failure to comply with their own safety procedures checklist. Specifically, Tracor complains that the inspectors failed to: (1) adequately inspect the production area for excessive amounts of flammable fumes; (2) ensure that the production area had proper ventilation and that exhaust fans were working; (3) see that all employees were properly clothed and maintained proper static safeguards; (4) check the powder used to see that it did not contain any foreign debris; (5) make sure that all the equipment was properly suited; (6) require that the plant be shut down because of atmospheric conditions on December 19, 1983; (7) inspect fire extinguishers; and (8) inspect whether the production area was overloaded with explosives.

Tracor urges that these failures are a result of "a low level employee's acts of operational negligence," and that the em-

ployee's conduct involved no discretion or policymaking, and is, therefore, not conduct that is protected by the discretionary function exception. Tracor points to several items on the procedures review checklist, which it says show that the inspector could not exercise discretion in following. For example, the checklist required the inspectors to verify every 30 days that adequate ventilation existed in the production area. Tracor argues that although one of the inspectors testified that he checked the ventilation in the production area and that it seemed adequate, he also admitted that he had no training in checking ventilation and did not use any instrument to verify the movement of the air. Tracor points to deposition testimony in which the inspector explained: "I walk[ed] into the room and, if the air was flowing freely and if the acetone did not smell exceedingly strong and as long as the ventilation system was operating, I determined it to be adequate." Tracor contends that this testimony shows that the inspector failed to adequately inspect whether proper ventilation existed. Tracor argues that this failure did not involve the exercise of discretion, and therefore, the inspector's conduct was not protected by the discretionary function exception.

Similarly, Tracor points out that the procedures review checklist also required the inspectors to confirm whether Tracor provided employees with properly laundered flame-proof clothing. An inspector testified that although he did not burn the clothing to see if it was flame-retardant, he checked to see if Tracor provided flame-retardant clothing by examining purchase orders to confirm that Tracor purchased the clothing from a company which certified the fire-retardancy of the clothing. He further testified that he checked to see if Tracor maintained the flame-retardant clothing by examining the clothing to see if it looked clean. Tracor argues this testimony proves that the inspector failed to ensure that Tracor provided and maintained flame-proof clothing, and that such a failure did not involve the exercise of discretion and is not conduct that is protected by the discretionary function exception.

The Supreme Court recently discussed the discretionary function exception. In *United States v. Gaubert*, — U.S. —, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), the Court reiterated that the discretionary function "exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *Gaubert*, 111 S.Ct. at 1273 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988)). The Court explained that the exception does not apply "'if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" 111 S.Ct. at 1273.

*Gaubert* further instructs that even if the challenged conduct involves an element of judgment, the discretionary function applies only if the judgment "is of the kind that the discretionary function exception was designed to shield." *Id.* The exception was designed to '"'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'"' *Id.* (quoting *United States v. S.A. Empresa Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984).

After examining four keynote cases discussing the application of the discretionary function exception, *Varig Airlines*, *Berkovitz*, *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), and *Indian Towing Company v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the *Gaubert* Court explained the circumstances in which the discretionary function exception protects governmental conduct:

> Under the applicable precedents, ... if a regulation mandates particular conduct, and the employee obeys the direction, the Government will be protected because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation. If the employee violates the mandatory regula-

> tion, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy. On the other hand, if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same polices which led to the promulgation of the regulations.

111 S.Ct. at 1274 (citation omitted).

Applying these principles, the Court held that the Fifth Circuit erred in holding that the discretionary function exception did not apply to federal bank regulators' operational or management level decisions. *Id.* at 1275. The Court held that the challenged actions, involving the day-to-day management of a bank, required the regulators to exercise choice and judgment, and that each of the regulators' actions involved the kind of policy judgments that the discretionary function exception was designed to shield. *Id.*

*Gaubert* specifically rejected the "operational" distinction that Tracor tries to make here. *Id.* The Court emphasized that "'[i]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function applies in a given case.'" *Id.* (quoting *Varig Airlines,* 467 U.S. at 813, 104 S.Ct. at 2764). The Court noted that it made the "operational" distinction in *Dalehite* only to *describe* the level at which the challenged conduct occurred, and did not suggest "that decisions made at an operational level could not also be based on policy." *Gaubert,* 111 S.Ct. at 1275.

Tracor claims that the inspectors' conduct is akin to that found in *McMichael v. United States,* 856 F.2d 1026 (8th Cir.1988), and *Aslakson v. United States,* 790 F.2d 688 (8th Cir.1986). In *McMichael,* we concluded that the government was not entitled to protection under the discretionary function exception for failing to order the evacuation of a munitions plant during an electrical storm. 856 F.2d at 1033–34. Similarly, in *Aslakson,* we held that the decision of a United States agency not to elevate certain power lines was not protected by the discretionary function exception. 790 F.2d at 693–94.

Tracor, however, misreads a critical distinction between this case and *McMichael* and *Aslakson.* In *McMichael,* the government inspector's safety checklist *required* the inspector to shut down the plant in the event of an electrical storm. 856 F.2d at 1033. No element of discretion existed. Similarly, in *Aslakson,* the agency's own safety policy expressly required it to "raise its power lines if they constitute[d] a safety hazard" and, like the inspector in *McMichael,* the agency had no discretion in its failure to act. *Id.* at 693. *See also Mandel v. United States,* 793 F.2d 964, 967 (8th Cir. 1986) (failure of park services personnel to comply with adopted safety policy not protected under discretionary function exception); *National Carriers, Inc. v. United States,* 755 F.2d 675, 678 (8th Cir.1985) (meat inspector's failure to follow regulations not protected under discretionary function exception).

In contrast, here, all of the points on the checklist upon which Tracor relies merely state a very general course of conduct for the inspectors to follow. For example, the checklist tells the inspector to check the ventilation every 30 days. Tracor does not argue that the inspectors failed to check the ventilation. Instead, Tracor contends that the inspectors performed an inadequate inspection of the ventilation. The checklist, however, prescribed no procedures for testing the ventilation and did not specify what action an inspector should take if he found inadequate ventilation to exist. Likewise, the checklist did not specifically tell the inspector how to check the flame-retardancy of clothing. The method of ensuring the flame-retardancy of the clothing, like testing the ventilation, was left to the inspector's choice. Accordingly, the inspector's conduct was discretionary and protected by the discretionary function exception.

The inspectors' conduct in this case is comparable to the conduct of the employees of the Federal Aviation Agency discussed in *Varig.* In *Varig,* the Supreme Court held that the FAA's decision to im-

plement a "spot-check" system to determine the compliance of aircraft with design and safety standards, as well as to monitor the FAA employees' execution of the system, was discretionary. 467 U.S. at 819, 104 S.Ct. at 2767. The Court reasoned:

> It follows that the acts of FAA employees in executing the "spot-check" program in accordance with agency directives are protected by the discretionary function exception as well. The FAA employees who conducted compliance reviews of the aircraft involved in this case were specifically empowered to make policy judgments regarding the degree of confidence that might reasonably be placed in a given manufacturer, the need to maximize compliance with FAA regulations, and the efficient allocation of agency resources. In administering the "spot-check" program, these FAA engineers and inspectors necessarily took certain calculated risks, but those risks were encountered for the advancement of a governmental purpose and pursuant to the specific grant of authority in the regulations and operating manuals. Under such circumstances, the FAA's alleged negligence in failing to check certain specific items in the course of certificating a particular aircraft falls squarely within the discretionary function exception of § 2680(a).

*Id.* at 820, 104 S.Ct. at 2768 (citation omitted).

Here, most of the items on the safety review checklist, and all of the items upon which Tracor relies, allowed the inspectors discretion in conducting their safety review. The items on the checklist do not specifically prescribe a course of action for the inspector to follow in checking compliance, or in deciding what to do if an inspector discovered a problem.

For these reasons, we conclude that the discretionary function exception applies.[2]

We affirm the judgment of the district court.

2. The government also argues that the district court lacked subject matter jurisdiction over Tracor's claim against the United States because Tracor failed to exhaust its administrative remedies under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675. Because we conclude that the court lacked subject matter jurisdiction under the discretionary function exception, we need not decide this issue.