Larry MARTIN, Plaintiff,

v.

MILLER–EADS, INC., Kite, Inc., Ceramic Tile & Terrazzo, Inc., I.S.E.C., Inc., Alloyd Insulation Co., Inc., Grunau Co., Inc., Bright Sheet Metal Co., Inc., and The United States of America, Defendant.

No. IP 96–332–CB/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 9, 1999.

David L Taylor, Jennings & Associates, Carmel, IN, for plaintiff.

Lawrence M Hansen, Kopka Landau & Pinkus, Indianapolis, IN, William V Hutchens, Locke Reynolds Boyd & Weisell, Indianapolis, IN, John L Lisher, Osborn Hiner & Lisher, Indianapolis, IN, Steven J Moss, Johnson Smith Pence, Densborn Wright & Heath, Indianapolis, IN, Thomas E. Kieper, Assistant U.S. Attorney, Indianapolis, IN, Philip Linnemeier, Smith & Linnemeier, Indianapolis, IN, for defendants.

## ENTRY GRANTING DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT

BARKER, Chief Judge.

This matter comes before the Court on Defendant, United States of America's, Motion for Summary Judgment on Plaintiff, Larry Martin's (Martin), claim that the United States negligently caused him to be electrocuted at a hospital owned and operated by the Office of Veteran Affairs. For the reasons discussed below, the United States' Motion for Summary Judgment is *GRANTED*.

### I. BACKGROUND

The United States Government, through the Office of Veteran Affairs (VA), owns and operates hospitals throughout the country, including the Rodebush Medical Center (Rodebush) in Indianapolis, Indiana. (Complaint ¶ 2). In September 1991, the VA hired Centex–Bateson, Inc. (Centex) to be the general contractor in charge of constructing a new addition to Rodebush. (Defendant's Attach. A). Shortly thereafter, Centex and the VA entered into a contract for the project (hereafter "the contract"), in which the VA delegated to Centex the primary safety responsibilities and day-to-day management of the construction site.

(*Id.;* Sablehaus Aff., Attachment 1 at ¶¶ 1.38, 1.42(a)).

Larry Martin was a Centex employee assigned to the Rodebush project. On March 17, 1994, while working on the addition at Rodebush, Martin was electrocuted at the construction site when his head came into contact with an exposed electrical wire protruding from the ceiling. (Complaint ¶ 15). The VA had no knowledge of the wire and did not learn of the incident until this suit was filed. (Sablehaus Aff. ¶¶ 14–15; Plaintiff's Exhibit C at 39).

On March 3, 1996, Plaintiff filed this suit against the United States and a number of subcontractors that worked on the Rodebush project.

### II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A genuine issue of material fact exists if there is sufficient evidence for a jury to return a verdict in favor of the non-moving party on the particular issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Methodist Med. Ctr. v. American Med. Sec., Inc.,* 38 F.3d 316, 319 (7th Cir.1994).

In resolving a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movants. *Patel v. Allstate Ins. Co.,* 105 F.3d 365, 366 (7th Cir.1997); *Spraying Sys. Co. v. Delavan, Inc.,* 975 F.2d 387, 392 (7th Cir.1992). However, we must not "ignore facts in the record merely because they are unfavorable.... [A non-movant] gets the benefit of the doubt only if the record contains competent evidence on both sides of a factual question." *Patel,*

105 F.3d at 366. Thus, if genuine doubts remain, and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir.1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir.1989).

## III. *DISCUSSION*

Plaintiff claims that his electrocution was the result of the VA's failure to adequately inspect the work site for safety violations. VA moves for summary judgment on Plaintiff's claim, contending that, as a federal agency, it is immune from liability because any duty it had to inspect the work site was discretionary in nature.

■ The Federal Tort Claims Act (FTCA) authorizes suits against the Government for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable...." 28 U.S.C. § 1346(b). While the FTCA on its face is a "broad waiver" of sovereign immunity that provides for governmental liability commensurate with that of private parties, its waiver of immunity is far from absolute; many important classes of tort claims are excepted from the Act's coverage. *Grammatico v. United States*, 109 F.3d 1198, 1200 (7th Cir.1997) (*citing United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808, 104 S.Ct. 2755, 2761–62, 81 L.Ed.2d 660 (1984)). At issue in the case at bar is the discretionary function exception, which provides that the FTCA shall not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). This exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)* 467 U.S. 797, 808, 104 S.Ct. 2755, 2762, 81 L.Ed.2d 660 (1984). It was Congress' belief that imposing liability on the government for the discretionary acts of its employees "would seriously handicap efficient government operations." *Id.* at 814, 104 S.Ct. at 2765 (internal quotations omitted).

■ Whether the discretionary function exception bars suit against the United States in a given case depends on two factors. *See Maas v. United States*, 94 F.3d 291, 297 (7th Cir.1996) (*citing Rothrock v. United States*, 62 F.3d 196, 198 (7th Cir.1995)). First, a discretionary act must be involved. In other words, the act for which liability is sought to be imposed must involve "an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991) (internal quotations omitted); *see also Rothrock*, 62 F.3d at 198. Therefore, if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," the discretionary function exception does not apply. *Gaubert*, 499 U.S. at 322, 111 S.Ct. at 1273. Second, "even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* "Because the purpose of this exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy ..., the exception protects only governmental actions

and decisions based on considerations of public policy." *Id.* at 323, 111 S.Ct. at 1273; *see also Maas,* 94 F.3d at 296; *Rothrock,* 62 F.3d at 198.

In this case, Martin is suing the VA for its alleged failure to inspect or properly inspect the construction site for safety violations. Plaintiff acknowledges that the VA properly delegated most of its safety responsibilities to Centex in the contract.[1] *See* Sablehaus Aff., Attachment 1 at ¶¶ 1.38, 1.42(a). However, Plaintiff maintains that the VA retained a non-discretionary duty to inspect the work site, pursuant to paragraphs 1.42(d) and 1.43(a) of the contract, and that it breached that duty to Martin.

1) *Discretionary Function Exception Bars Plaintiff's Claim Under Paragraph 1.42(d)*

■ Although the discretionary function exception encompasses government decisions about how and how much to supervise the safety procedures of independent contractors, the government may lose the protection of the exception if, having delegated responsibility, it has also retained and exercised control over the project's safety. *Andrews v. United States,* 121 F.3d 1430, 1441–42 (11th Cir.1997) (citations omitted). But, the retention of open-ended supervisory authority that allows the government's employees to exercise choice and discretion does not render the exception inapplicable. *Id.* at 1442.

■ In support of his contention that the VA retained a non-discretionary duty to inspect the construction site for safety violations, Plaintiff relies primarily on paragraph 1.42(d) of the contract, which provides:

The Contracting Officer shall notify the Contractor of any noncompliance with these [safety] requirements and of the corrective action required. This notice, when delivered to the Contractor or the Contractor's representative at the site of the work, shall be deemed sufficient notice of the noncompliance and corrective action required. After receiving the notice, the Contractor shall immediately take corrective action. If the Contractor fails or refuses to take corrective action promptly, the Contracting Officer may issue an order stopping all or part of the work until satisfactory corrective action has been taken. The Contractor shall not base any claim or request for equitable adjustment for additional time or money on any stop order issued under these circumstances.

Plaintiff interprets this provision as imposing on the VA a non-discretionary duty to Centex's employees, including Martin, to inspect the construction site for safety violations. We cannot agree with this interpretation. The only non-discretionary duty imposed on the VA in this provision is the duty to notify Centex in the event the VA discovers a safety violation.[2] The VA otherwise retains discretion to decide if, how, and when to conduct an inspection of the construction site to determine compliance with safety regulations. Hence, any duty to inspect under paragraph 1.42(d) is discretionary in nature.

Further, the VA's decisions regarding if, how, and when to inspect under paragraph 1.42(d) are "the kind [of judgments] that the discretionary function exception was designed to shield." *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988); *see also Domme v. United States,* 61 F.3d 787, 792–93 (10th Cir.1995). The VA requires the flexibility to oversee its contractors without being unduly constrained by an obligation to do so. Otherwise, the VA would be forced to decide between maintaining a

---

**1.** It is well established that a government agency can delegate its safety duties to a general contractor in a case such as this. *See Andrews v. United States,* 121 F.3d 1430, 1440 (11th Cir.1997) (citing cases).

**2.** Plaintiff does not allege that the VA breached that duty. Nor is there any evidence before us to support such a claim.

large inspection team to perform inspections on all its construction projects or foregoing the right to inspect altogether. In short, the decision to reserve a limited oversight role is a decision based on public policy considerations related, in part, to resource allocation and public safety.

As described above, the VA's responsibility to inspect under paragraph 1.42(d) is both discretionary and rooted in public policy considerations. Therefore, the discretionary function exception provides the VA with immunity from Plaintiff's claim that the VA breached its duty to inspect under paragraph 1.42(d). This conclusion is consistent with other court decisions addressing the application of the discretion function exception to similar contractual provisions. *See Andrews v. United States*, 121 F.3d 1430 (11th Cir.1997); *Domme*, 61 F.3d 787; *Tracor/MBA, Inc. v. United States*, 933 F.2d 663 (8th Cir.1991); *Feyers v. United States*, 749 F.2d 1222 (6th Cir. 1984); *Maltais v. United States*, 546 F.Supp. 96 (N.D.N.Y.1982).[3] Accordingly, the United States' Motion for Summary Judgment regarding its alleged duty to inspect under paragraph 1.42(d) of the contract is *GRANTED* because the VA has immunity from such a claim.

### 2) *The VA Does Not Have a Duty to Martin Under Paragraph 1.43(a)*

Plaintiff also claims that paragraph 1.43(a) of the contract imposes a non-discretionary duty on the VA to inspect the work site weekly. It provides:

The resident engineer on all assigned construction project [sic] is designated as the VA Safety Officer, and as such is responsible for enforcing all safety regulations as they apply to the safety of Department of Veteran Affairs employees, visitors, and patients. Regular safety inspections shall be conducted by the resident engineer weekly, and all noted violations of safety and health regulations shall be brought to the attention of the Contractor who shall take immediate action to correct such violations. If corrective action is not taken promptly, a copy of the Resident Engineer's report will be forwarded to the Department of Labor.

While this provision may impose a non-discretionary duty on the VA to provide weekly inspections, that duty is not owed to Martin. Here, the VA's duty to inspect arises via contract. Therefore, "the extent of the duty owed, if any, is a matter of contract interpretation." *Perryman v. Huber, Hunt & Nichols, Inc.*, 628 N.E.2d 1240, 1244 (Ind.Ct.App.1994). In clear and unambiguous terms, the inspection responsibilities retained by the VA in paragraph 1.43(a) are limited "to the safety of Department of Veteran Affairs employees, visitors and patients." *See id.* ("In determining whether a duty exists we will give effect to the intent of the parties as reflected by the language of the contract."). Plaintiff acknowledges that, as an employee of the general contractor, he was not a VA employee, a visitor, or a patient at the time of his alleged electrocution. Plaintiff, instead, argues simply that he would not have been injured had the VA satisfied its duty to the visitors, patients and VA employees. Plaintiff's analysis misses the point. In order to succeed, Martin must establish that the VA had a duty to inspect that flowed to him. *See Basicker v. Denny's, Inc.*, 704 N.E.2d 1077, 1079 (Ind.Ct.App.1999) ("Absent a duty, there can be no breach and, therefore, no recovery for the plaintiff in negligence."). Plaintiff has failed to do this. Paragraph 1.43(a) clearly is not the source of such a duty and Plaintiff fails to present the Court with any viable ground for imposing such a duty on the VA.[4] Thus, the

3. Further, the Ninth Circuit in *Jeffries v. United States*, 477 F.2d 52, 56 (9th Cir.1973), held that "the Government's reservation of a right of inspection does not, without more, impose upon it a legal duty such as to render it liable for injuries suffered by employees of its independent contractors."

4. Assuming *arguendo* that the VA had a non-discretionary duty to Martin to inspect the

United States' Motion for Summary Judgment on Plaintiff's claim that the VA breached its duty to Martin under paragraph 1.43(a) must also be *GRANTED.*

Accordingly, the United States' Motion for Summary Judgment on Plaintiff's claim that the VA negligently caused him to be electrocuted is *GRANTED* because (1) the VA has immunity from Plaintiff's claim that it failed to inspect under paragraph 1.42(d), and (2) the VA does not owe Martin a duty to inspect under paragraph 1.43(a).

### 3) State Law Claims

 In addition to the claim against the United States, Plaintiff has asserted state law claims against various subcontractors who worked on the Rodebush project. We have supplemental jurisdiction over those claims based on the existence of the federal claim against the United States. *See* 28 U.S.C. § 1367.[5] The general rule is that when jurisdiction is based on the federal claim and, as here, the federal claim drops out before trial, the federal district court should relinquish jurisdiction over the supplemental claims. *Boyce v. Fernandes,* 77 F.3d 946, 951 (7th Cir.1996); *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251 (7th Cir.1994). We find no reason to deviate from that principle in this case. Trial is not imminent and, in any event, a great deal of judicial work remains to be done prior to trial. Accordingly, Plaintiff's state law claims against the remaining defendants are *dismissed without prejudice* for want of jurisdiction.

### IV. CONCLUSION

For the reasons discussed above, the United States' Motion for Summary Judgment on Plaintiff's claim that the VA negligently caused Martin to be electrocuted is *granted* because (1) the VA has immunity from Plaintiff's claim that it breached its duty to inspect under paragraph 1.42(d) of the contract, and (2) the VA does not have a duty to Martin under paragraph 1.43(a) of the contract. Finally, Plaintiff's remaining state law claims are *dismissed without prejudice* because we lack subject matter jurisdiction over them.

It is so ORDERED.

---

construction site weekly, Plaintiff nevertheless fails to present any evidence that the VA breached that duty. *See Schroeder v. University of Illinois,* No. 96 C 6020, 1997 WL 587699, at * 12 (N.D.Ill. Sept.18, 1997) ("Failure to produce evidence alone may be deemed grounds for summary judgment.").

**5.** We do not have subject matter jurisdiction over the state law claims by virtue of diversity jurisdiction. Most of the subcontractor defendants are, like Martin, citizens of Indiana. *See* Amended Complaint ¶ 7–13. Thus, complete diversity of citizenship, which is required for diversity jurisdiction, does not exist in this case. *See Jackson v. Resolution GGF Oy,* 136 F.3d 1130, 1132 (7th Cir.1998).