# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1999NI

_____

Ordean R. Claude and                *
Marcella M. Claude,                  *
                                     *
          Appellants,                *
                                     *  On Appeal from the United
     v.                              *  States District Court
                                     *  for the Northern District
                                     *  of Iowa.
Christopher Smola and                *
United States of America,            *
                                     *
          Appellees.                 *

_____

Submitted:  July 20, 2001
Filed:  August 30, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BYE, Circuit
     Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Ordean and Marcella Claude bring this suit pro se, claiming that they were wronged in connection with the repair of their roof. The roof job was paid for with a grant from the Rural Development office of the United States Department of Agriculture. The Claudes say that Christopher Smola, the roofing contractor, failed to cover the roof correctly, allowing rainwater to damage the inside of the house. He had no insurance to cover the damage. Mr. Smola denies that he was negligent. The

Claudes also claim that certain USDA employees were negligent in hiring Mr. Smola and that they interfered with the work. The United States was correctly substituted as a defendant in place of the named federal employees. See 28 U.S.C. § 2679(2). The District Court[1] then dismissed the claim against the United States on the basis of sovereign immunity. The Court also dismissed the claim against Mr. Smola, holding that this part of the case belonged in a state court.

In this appeal, we are called on to decide only one issue: namely, whether the law allows the Claudes to bring their claim against the United States. We agree that the law does not permit a suit against the government in this case. We therefore affirm the District Court's judgment.

I.

The term sovereign immunity refers to a general rule that the government cannot be sued unless it allows itself to be sued. The rule goes back at least to the Middle Ages, but there are thought to be good modern reasons for it too. Any governmental action might offend somebody. If the government had to defend an expensive lawsuit every time it acted, there would be an enormous cost in time and tax dollars. Sovereign immunity makes it easier and cheaper to defend such lawsuits. Unless the lawsuit is of a kind that Congress has chosen to allow, the government is usually dismissed from the case without a trial. That is what happened in this case.

We therefore have to decide whether the Claudes' case against the government is of the kind that Congress has decided to allow. The District Court held, and we agree, that the Claudes were essentially claiming "that the Rural Development employees: (1) acted negligently in selecting the contractor, Christopher Smola; (2)

---

[1]The Hon. Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

acted negligently in failing to supervise Christopher Smola; [and] (3) interfered with their contract rights . . .." Memorandum Opinion and Order at 20. These are tort claims, because they have to do with harm caused by wrongful or risky conduct. In the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, Congress provided that the government could be sued for a tort "in the same manner and to the same extent as a private individual," 28 U.S.C. § 2674, but with certain conditions and exceptions.

One of those exceptions is important here. The Tort Claims Act does not permit a claim against the United States that is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This is called the "discretionary function" exception. The law can't decide everything in advance: in order for public business to get done, some decisions have to be left up to individual federal employees. The point of the discretionary-function exception is to make sure that government agencies and employees are free to make the policy-related decisions that their jobs require, without the fear that they or the government may be sued whenever someone thinks they have decided badly, and without the added cost to taxpayers that frequent lawsuits would bring.

The District Court held that the decisions of USDA employees concerning the Claudes' Rural Development grant were covered by the discretionary-function exception. In applying that exception, we first ask "whether the challenged actions were . . . controlled by mandatory statutes or regulations." United States v. Gaubert, 499 U.S. 315, 328 (1991). The exception does not apply to actions which violate a mandatory law, regulation, or established governmental policy, because such actions are not discretionary. Id. at 324. However, if a challenged decision is discretionary, then we go on to ask whether the decision arguably involves a judgment concerning agency policy. If so, the exception applies. See generally Kirchmann v. United States,

8 F.3d 1273, 1276-77 (8th Cir. 1993) (discussing the discretionary-function analysis).

As the District Court held, the applicable regulations did not require the USDA employees to make sure that Smola had insurance or was a reliable businessman. See generally 7 C.F.R. § 1924 (regulations concerning construction and repair projects). The contract terms required by the USDA for this kind of construction do not include an insurance requirement. See 7 C.F.R. § 1924.6(2) (listing mandatory contract terms). The Rural Development handbook suggests certain steps that *should* be taken if the applicant chooses a contractor with whom the local office is not familiar, but these steps are not mandatory, and they do not include checking to see if the contractor has insurance.

In fact, the USDA regulations suggest that the Claudes themselves were responsible for selecting Mr. Smola. See 7 C.F.R. § 1924.6(11) (stating that "the borrower [or grant recipient] will select and notify the lowest responsible bidder"). The facts suggest the same thing. The Claudes advertised for contractors, took bids, and signed the contract for the job. According to Rural Development's running record of contacts with Mr. Claude, he was told at least twice that he, and not the United States, was making a contract with Mr. Smola. In short, we see no reason to think that any government employee was required to oversee the Claudes' choice of a contractor. Any guidance or lack of guidance from USDA employees relating to that choice was discretionary. Even if the government had hired Mr. Smola, however, hiring decisions are a common example of a discretionary function involving policy judgments. See Red Elk v. United States, 62 F.3d 1102 (8th Cir. 1995) (hiring of tribal police officer); Tonelli v. United States, 60 F.3d 492 (8th Cir. 1995) (hiring of postal employee).

The Claudes also do not point to any law that would require the government to supervise a contractor whose work is paid for by a Rural Development grant. Unless there is such a requirement, the government normally cannot be sued for failure to

supervise an independent contractor. For example, in the <u>Kirchmann</u> case, a contractor hired by the Air Force improperly disposed of some hazardous chemicals, which contaminated the groundwater at a nearby farm. The Kirchmanns, who owned the farm, sued the United States. The claim was dismissed, because under the law, the Air Force had a decision to make about how closely to supervise its contractors. The government claimed that closer supervision was not desirable because of a demanding construction schedule and the need to use personnel elsewhere. Thus, the decision involved Air Force policy, and was covered by the exception. See <u>Kirchmann</u>, 8 F.3d at 1276-77. In this case, likewise, the government cannot be sued for negligence in supervising Mr. Smola, because there was no rule that required the government to supervise him in any particular way.

The Claudes' claim that the government interfered with their contract rights is also barred. The Federal Tort Claims Act does not waive sovereign immunity for claims of interference with contract rights. 28 U.S.C. § 2680(h).

II.

Because the Claudes' claim against the government is not permitted by law, the relief they request is not within our power to give. The judgment of the District Court is affirmed. If the Claudes wish to pursue their claim against Mr. Smola in the state courts of Iowa, this decision will not prevent them from doing so.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.